IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV174-1-MU

JAMES BRIAN BUCHNOWSKI,  )
                         )
        Petitioner,      )
                         )
    v.                   )           **O R D E R**
                         )
DAVID MITCHELL,          )
                         )
                         )
        Respondent.      )
_____)

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), filed April 15, 2010.

A review of the subject federal habeas petition reflects that on May 13, 1999, in the Mecklenburg County District Court, Petitioner entered a guilty plea to Driving While Impaired. That same day, Petitioner was sentenced to 120 days suspended probation 24 months. Petitioner did not directly appeal his sentence and conviction. However, on or about February 15, 2009, Petitioner filed a Motion for Appropriate Relief (MAR) in the Mecklenburg County District Court. Petitioner's MAR was denied on April 9, 2009. On July 1, 2009, Petitioner filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals, which was denied on July 17, 2009. On December 7, 2009, Petitioner filed a Petition for Writ of Discretionary Review with the North Carolina Supreme Court. On January 28, 2010, the North Carolina Supreme Court dismissed Petitioner's petition. On April 15, 2010, Petitioner filed the instant federal habeas petition.

On April 23, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the

"AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2254 by imposing a 1-year statute of limitations period for the filing of a federal habeas petition. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the record indicates that Petitioner's conviction became final on or about May 13, 1999. As a result, Petitioner's limitation period under AEDPA expired on or about May 14, 2000. While state post-conviction proceedings can operate to toll a petitioner's limitation period, 28 U.S.C. § 2244(d)(2), Petitioner's limitation period expired long before he invoked that process with his 2009 Motion for Appropriate Relief. It thus appears that Petitioner's federal habeas petition is untimely.

Petitioner tries to avoid the conclusion that his federal habeas petition is untimely[1] by first

---

[1] In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the United States Court of Appeals for the Fourth Circuit concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. In the instant case, the federal habeas petition form set forth AEDPA's limitation period and asked Petitioner to state why the limitation

asserting that untimeliness alone cannot support the dismissal of a claim. Petitioner is mistaken. Petitioner also asserts that his petition should not be considered untimely because the factual predicate – the one felony point he received as a result of his guilty plea – could not have been previously discovered by reasonable due diligence because he was not aware of this repercussion until 2006. Petitioner's argument is unavailing. His criminal history certainly was discoverable by reasonable due diligence prior to 2006. Equally significantly, Petitioner admits to discovering such information in 2006, so his present federal habeas petition would be untimely in any event.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

Signed: April 19, 2010

Graham C. Mullen
United States District Judge

---

period did not bar his petition. Petitioner provided an argument as to why his petition should be considered timely filed. Accordingly, given the fact that Petitioner had the opportunity to address the timeliness of his petition -- albeit unsuccessfully -- the Court concludes that it need not provide Petitioner with any additional opportunities to address such matters. In addition, this Court notes that this case is inapposite to the "narrow circumstances" found by the Fourth Circuit in Bilal v. State of North Carolina, No. 06-6677, 2008 WL 2787702 (4th Cir. July 18, 2008). In the instant case, Petitioner's habeas petition is untimely by a large time frame. In addition, Petitioner substantively responded to the form question as to why his petition should be considered timely filed.

3